IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

    v.                                :          CRIMINAL NO. DKC 19-257-003

RICHARD ADAMS                     :

**MEMORANDUM AND ORDER**

Richard Adams, through counsel, has filed a motion for review of detention order.  ECF No. 86.  For the following reasons, the request for review is DENIED and the detention order is CONFIRMED.

Mr. Adams pled guilty to armed bank robbery and brandishing a firearm during a crime of violence.  He faces a sentence of up to 25 years on the robbery count followed by a mandatory minimum consecutive sentence of 7 years on the firearm count.  Under 18 U.S.C. § 3143(a)(2), a person awaiting sentencing for this type of a crime of violence shall be detained unless there is a substantial likelihood that a motion for acquittal or a new trial will be granted AND the attorney for the government has recommended that no sentence of imprisonment be imposed, regardless of whether there is evidence that the person is not likely to flea or pose a danger to anyone else or the community.  Neither of those circumstances are present in this case, given the defendant's guilty plea and the mandatory sentence.

Mr. Adams recognizes that he is not eligible for release under 18 U.S.C.§ 3143, but nevertheless asserts that there are

"exceptional reasons for release" under §3145 (c). Under that section, a person who is subject to detention as noted above, "and who meets the conditions of release set forth in Section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

He points to the current national emergency caused by COVID-19, his age (currently just under 60), and unspecified health conditions that place him at high risk as constituting those reasons. Beyond that, he minimizes his role in this offense, argues that his criminal history is not particularly recent, that he has a third party custodian available, and can be on 24-hour electronic monitoring.

Other judicial officers in this district have written thoroughly on the impact of the COVID-19 pandemic on detention/release decisions. *See e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D.Md. March 17, 2020), and *United States v. Jefferson*, No. CCB-19-487 (D.Md. March 23, 2020). This court adopts the reasoning of those decisions.

This case is in a slightly different posture than those earlier decisions. Mr. Adams originally consented to detention and there was no individualized decision made on the factors set forth in the statute. He only sought a detention hearing after he

2

entered a guilty plea and was awaiting sentencing.  Under those circumstances, he was not eligible for release and the magistrate judge appropriately declined to hold a hearing.  The case is now before the undersigned for review of that decision.

The court concludes that Mr. Adams has failed to demonstrate extraordinary reasons, but also has failed to demonstrate by clear and convincing evidence that he will not flee or be a danger. Unlike an original detention hearing, where the parties are presenting information or evidence in the first instance, and likely have not committed the information to writing, this is a review request and there is no unfettered right to a hearing. Rather, as noted by Judge Grimm, this court has discretion to decide whether to hold a hearing.  This is simply not a case in which a hearing appears at all necessary in order to decide that Mr. Adams will remain detained.  The facts of the current offenses and his criminal history make release inappropriate. His assertion that 24 hour location monitoring will mitigate danger is both factually incorrect and not easily available.  In light of the advice to practice social distancing, the probation office is simply unable to employ devices that require close personal interaction.  There are no conditions, or combination of conditions, that will reasonably assure his appearance or the safety of the community. Beyond that, as troubling as the current COVID-19 situation is, it does not present the kind of

extraordinary reason for Mr. Adams' release.  The correctional and medical staff at detention facilities continue to provide appropriate safeguards for the health and safety of those committed to their custody.

For the foregoing reasons, it is this 25th day of March, 2020, by the United States District Court for the District of Maryland, ORDERED that Defendant's Motion for Review of Detention Order (ECF No. 86) BE, and the same hereby IS, DENIED and that the Detention Order BE, and the same hereby IS, CONFIRMED.

/s/
DEBORAH K. CHASANOW
United States District Judge